UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DIANE HELMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:17-CV-37-TAV-HBG |
| | ) |
| SHERIFF JAMES HARVILLE and | ) |
| DR. KENNETH MATHEWS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM OPINION**

Diane Helms ("plaintiff") initiated this action when she filed a complaint on January 3, 2017, in the United States District Court for the Middle District of Tennessee, alleging constitutional violations under 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* [Docs. 1, 2]. The court granted plaintiff's motion for leave to proceed *in forma pauperis* and, because defendants resided and plaintiff's claims arose in the Eastern District of Tennessee, transferred the case to this Court [Doc. 3]. On June 26, 2017, the Court screened plaintiff's complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle plaintiff to relief under § 1983 [Doc. 5]. Based on that review, the Court directed the Clerk of Court to send plaintiff service packets (a blank summons and USM 285 form) for defendants Harville and Matthews, and dismissed defendants McNally, Hensley, and Grainger County Detention Facility [*Id*.]. Plaintiff completed and returned the service packets as directed by the Court.

Defendants Harville and Matthews answered the complaint on August 23, 2017 [Doc. 9]. The Court then issued a scheduling order on October 19, 2017, setting the case for trial and ordering plaintiff and defendants to file pretrial narratives by September 24, 2018 and October 8, 2018, respectively [Doc. 11]. In the meantime, defendants filed a motion for summary judgment on April 10, 2018 [Doc. 12] and a motion to dismiss on June 19, 2018 [Doc. 14]. Plaintiff has failed to respond to either of defendants' pending motions, and also failed to file her pretrial narrative statement as required by the Court in its scheduling order.

On October 17, 2018, the Court ordered plaintiff to show cause within fourteen days explaining why the Court should not grant defendants' motion to dismiss or motion for summary judgment, or dismiss her case for failure to prosecute [Doc. 17]. The order notified plaintiff that failure to respond would result in dismissal of her case [*Id*.]. The order was mailed to plaintiff at the address listed as her current address; however, on October 29, 2018, the show-cause order was returned as undeliverable, noting that plaintiff had been paroled, was no longer at the address listed, and that the mail could not be forwarded [Doc. 18]. Since plaintiff completed and returned the service packets in July of 2017, plaintiff has not responded either to defendants' pending motions or to the Court's orders, and the deadlines for doing so have long since passed. *See* E.D. Tenn. L.R. 7.1(a).

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of

the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that plaintiff's failure to prosecute this action can be attributed to her own willfulness or fault. Notably, plaintiff has taken no action to further this case in over a year. Only the most recent attempt to contact plaintiff was unsuccessful, as there has been no indication that plaintiff did not receive defendants' answer, the Court's scheduling order, or either of defendants' currently pending motions. Whether willful or negligent, plaintiff has failed to update her address or monitor this action as required by Local Rule 83.13, which provides that it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. Accordingly, the first factor weighs in favor of dismissal.

The second factor also weighs in favor of dismissal. Defendants Harville and Matthews have been served, hired counsel, and have filed an answer, a motion for summary judgment, and a motion to dismiss. Defendants have diligently defended this lawsuit in the last fifteen months, with no response from plaintiff. Furthermore, plaintiff's failure to respond required that the Court reset the trial in this case, which was originally scheduled for October 22, 2018. If not for plaintiff's failure to prosecute, this case could have been dispensed with already.

The third factor clearly weighs in favor of dismissal, as plaintiff has failed to comply with the Court's orders, despite being expressly warned of possible consequences of such a failure [Doc. 11 p. 2, 3; Doc. 18 p. 1].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that plaintiff could pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote plaintiff's respect for this Court's deadlines and orders, given that multiple prior threats of dismissal were not effective in compelling plaintiff's compliance.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE